UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES L. WADE, | ) | CASE NO. 4:08CV0426 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J.T. SHARTLE, WARDEN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner *pro se* Charles Wade filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Wade, who is confined at the Federal Correctional Institute in Elkton, Ohio ("F.C.I. Elkton"), filed this petition against F.C.I. Elkton Warden J.T. Shartle and the United States of America. Petitioner claims "actual innocence" of the crimes for which he was convicted in 2001.

BACKGROUND

A grand jury for the Northern District of Ohio returned a nine-count indictment against Mr. Wade in April 2001. *United States v. Wade*, No. 4:01cr0176 (N.D. Ohio filed Apr. 2001)(O'Malley, J.) He was charged with two counts of conspiracy to defraud the United States in violation of 18 U.S.C. § 371; making and subscribing false tax returns in violation of 26 U.S.C. § 7206; four counts of aiding, assisting, procuring, counseling, and advising in the preparation of false tax returns in violation of 26 U.S.C. § 7206; and two counts of bank fraud in violation of 18 U.S.C. § 1344.[1]

The Government filed a superseding indictment on August 29, 2001, adding one count of aiding, assisting, procuring, counseling, and advising in the preparation of false tax returns in violation of 26 U.S.C. § 7206; four counts of making, uttering, and possessing counterfeit securities in violation of 18 U.S.C. § 513; one count of conspiracy to attempt to corruptly persuade a person with intent to influence testimony in violation of 18 U.S.C. § 371; and two counts of attempt to corruptly persuade a person with intent to influence testimony in violation of 18 U.S.C. § 1512(b)(1).[1] Mr. Wade pleaded not guilty to the charges.

On February 13, 2002, petitioner's jury trial commenced. On that same date, the Government dismissed the three counts relating to witness tampering, leaving just the counts relating to petitioner's tax and counterfeiting schemes. The jury returned guilty verdicts on all fourteen counts after a three-day trial in which petitioner testified. He then moved to dismiss Counts 10-14, 23, and 24, which Judge O'Malley denied.[2]

Mr. Wade now contends he was denied a fair trial. He alleges his trial was fraught with so many errors that his conviction is fundamentally flawed. In spite of his conviction,

---

[1] A review of the docket indicates Mr. Wade's attorney filed a motion to withdraw just before the superceding indictment was filed because of a possible conflict of interest. Judge O'Malley granted the motion and appointed new counsel on September 19, 2001. By December 20, 2001, however, petitioner no longer wanted to be represented by counsel. The court allowed Mr. Wade to represent himself after conducting a thorough inquiry on the record. Judge O'Malley did require that his counsel remain on in an advisory capacity to assist Mr. Wade with court procedures. As of January 18, 2002, petitioner changed his mind and asked the court to reinstate his counsel. The court granted this request and Mr. Wade proceeded to trial.

[2] Mr. Wade later filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on June 18, 2002, which was dismissed on March 28, 2003. *Wade v. United States*, No. 1:02-cv-1147 (N.D. Ohio filed June 18, 2002). On June 24, 2002, a Notice of Appeal to the Sixth Circuit was filed on behalf of Mr. Wade. The Sixth Circuit affirmed his conviction. *See United States v. Wade,* No. 02-3728, 2004 WL 719251 (6th Cir. Mar. 31, 2004).

petitioner maintains he is essentially innocent of charges filed against him in case number 4:01cr0176.

A variety of alleged inconsistencies in his trial are set forth in the petition as "evidence to support his claim actual innocence." These alleged inconsistencies include: (1) improperly assigning to Judge O'Malley the Motion to Vacate he filed pursuant to 28 U.S.C. § 2255;[3] padding his superceding indictment by including checks that were part of a previous indictment filed against him; being convicted of Count 13 when no Count 13 was in the indictment;[4] lack of documentary evidence to support the testimony of the F.B.I. agents; defective search warrant used to remove items from his jail cell in Cleveland; false testimony by the Government's key witness; racial bias against him as an African American because a Caucasian woman's trial was set aside in November 2005 based on the false testimony of a witness; false testimony by the F.B.I.; false charges that he was engaged in computer check generated scheme *after* he was indicted in the case before Judge Oliver; being a scapegoat for charges after a Boardman policeman stated in a July 9, 1999 article in The Youngstown *Vindicator* that he believed Charles Wade operated a ring; and, finally, the Government was "outrageously" prejudiced against him by first ridiculing and then introducing a letter he sent to the United States advising that he could provide information regarding the source of the attacks on September 11, 2001.[5]

---

[3]By statute, prisoners seeking to vacate or set aside a sentence must file the motion in the "court which imposed the sentence [. . .]". 28 U.S.C. § 2255(a).

[4]The indictment lists Count 13 as a violation of "18 U.S.C. § 513(a) and 2 uttering forged and counterfeit security."

[5]The trial transcript attached to the petition indicates Mr. Wade requested a reward of $25 million in exchange for this information.

ANALYSIS

Mr. Wade asserts he is entitled to attack his conviction pursuant to 28 U.S.C. § 2241 because he is still in custody, he is actually innocent and his remedy pursuant to 28 U.S.C. § 2255 is inadequate to test the legality of his detention. His belief that § 2255 is inadequate is not only based on his assertion that he has already been denied relief, as well as denied the opportunity to file a successive petition, but

> to make certain that petitioner is not unjustly imprisoned; and if for some justifiable reason he was previously unable to assert his right or was unaware of the significance of relevant facts it is neither necessary, nor reasonable to deny him all opportunity of obtaining judicial relief. Price v. Johnson, CA 1, 1948, 68 S. Ct. 1049, 334 U.S. 266, 92 Led 1356 [sic].

(Pet. at 2.) He concludes this court has jurisdiction of his § 2241 petition.

*28 U.S.C. § 2241*

As a general rule, a federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir.1999);*Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). By his own admission, Mr. Wade already challenged his conviction through a motion under 28 U.S.C. § 2255, without success. *See Wade v. United States*, No. 1:02-cv-1147 (N.D. Ohio filed June18, 2002).

Mr. Wade has not raised any valid argument that alleges § 2255 is inadequate or ineffective. Merely because an individual is unable to obtain relief under that provision does not render § 2255 inadequate or ineffective. *See e.g., Charles*, 180 F.3d at 756. Contrary to his

assertions, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

It is one of the principal functions of habeas corpus "'to assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted.'" *Teague v. Lane*, 489 U.S. 288, 312 (1989)(quoting *Desist v. United States*, 394 U.S. 244, 262(1969)). The type of innocence that would be at issue at this stage would be "actual innocence" or factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). Claiming actual innocence based on issues which could or should have been addressed at trial, on appeal, or through a motion to vacate does not establish an entitlement to relief pursuant to 28 U.S.C. § 2241. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001)("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence"); *Charles*, 180 F.3d at 757. Therefore, the savings clause does not apply to the instant case. Despite his arguments to the contrary, Mr. Wade has not shown an applicable intervening change in the law or any extraordinary circumstances which reflect that he may be actually innocent.

CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243.[6]

The court certifies that an appeal from this decision could not be taken in good faith.[7]

IT IS SO ORDERED.

Dated: April 24, 2008

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[6]The statute provides, in relevant part:

\* \* \*

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ [. . . ], *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

[7]28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."